IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CRIMINAL NO. 12-_____ |
|---|---|---|
| v. | : | DATE FILED: September 13, 2012 |
| FRANCIS P. DOWD, JR. | : | VIOLATION: |
|  |  | 18 U.S.C. § 371 (conspiracy - 1 count) |
|  | : | 18 U.S.C. § 1344 (bank fraud – 1 count) |
|  | : | Notice of Forfeiture |

## INFORMATION

### COUNT ONE

**THE UNITED STATES ATTORNEY CHARGES THAT:**

At all times material to this information:

1.  Defendant FRANCIS P. DOWD, JR. owned and operated Associates Land Transfer, LLC, a title insurance company located in North Wales, Pennsylvania. Defendant Dowd also co-owned three rental properties located in a low income neighborhood in Philadelphia (the "Dowd properties").

2.  Dean Rossi, an individual known to the United States Attorney, through various entities, owned in excess of approximately 200 properties throughout Philadelphia and the surrounding counties, primarily in low income neighborhoods. Rossi created HB Holding Company, LLC ("HB Holding"), among other entities, for the purpose of acquiring real property to hold for rental income and appreciation.

3.  G.A., an individual known to the United States Attorney, was a contractor who had rehabilitated several properties owned by Dean Rossi. In addition, by 2007, G.A.

personally owned approximately 20 rental properties of his own in low income neighborhoods in Philadelphia and Montgomery County (the "GA properties"). In or about October 2007, G.A. agreed to sell his 20 properties to Dean Rossi, though HB Holding.

4. Leesport Bank was a financial institution whose accounts were insured by the Federal Deposit Insurance Corporation, certificate number 7748.

5. On or about October 2007 to in or about January 2008, in the Eastern District of Pennsylvania, defendant

**FRANCIS P. DOWD, JR.,**

conspired and agreed, with others known and unknown to the United States Attorney, to commit offenses against the United States, that is, to knowingly execute a scheme to defraud Leesport Bank, and to obtain monies owned by and under the care, custody, and control of Leesport Bank, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

**MANNER AND MEANS**

It was part of the conspiracy that:

6. On or about January 21, 2008, Dean Rossi, through HB Holding, obtained a loan from Leesport Bank in the amount of approximately $1.2 million. The purported purpose of the loan was to fund Rossi's purchase of the 20 GA properties. All but two of the GA properties were subject to pre-existing mortgages.

7. The Leesport Bank loan was to be secured by a first position mortgage on all of the GA properties. Therefore, all of the prior existing mortgages on the GA properties were to be satisfied at closing.

8. On or about January 21, 2008, defendant FRANCIS P. DOWD, JR., through Associates Land Transfer, LLC, handled the settlement of the purported sale of the GA properties to Dean Rossi, through HB Holding. In connection with the settlement, defendant DOWD prepared a false and fraudulent Form HUD-1 Settlement Sheet.

9. Defendant FRANCIS P. DOWD, JR. falsely represented on the HUD-1 Settlement Sheet that all of the prior mortgages on the GA properties had been satisfied at closing, when DOWD well knew that only five of the mortgages, totaling approximately $313,899.71, were satisfied, and that 12 mortgages, totaling approximately $810,600, remained unpaid.

## OVERT ACTS

In furtherance of the conspiracy, defendant FRANCIS P. DOWD, JR., and others known to the United States Attorney committed the following overt acts, among others, in the Eastern District of Pennsylvania:

1. On or about January 21, 2008, defendant FRANCIS P. DOWD, JR. falsely represented on the HUD-1 Settlement Sheet that Dean Rossi, the borrower, brought $520,952.70 cash to the closing, when DOWD well knew that Rossi provided no cash towards the purchase of the GA properties.

2. On or about January 21, 2008, defendant FRANCIS P. DOWD, JR. falsely represented on the HUD-1 Settlement Sheet that G.A., the seller, received $470,070.58 from the sale of his properties, when DOWD well knew that G.A. received only approximately $88,000.

3. On or about January 22, 2008, defendant FRANCIS P. DOWD, JR. used the funds fraudulently obtained by Dean Rossi from Leesport Bank to satisfy the outstanding

mortgages on three rental properties that DOWD co-owned. Defendant DOWD transferred the deeds to these three rental properties to Dean Rossi, through HB Holdings LLC.

    4.    On or about January 23, 2008, defendant FRANCIS P. DOWD, JR. transferred approximately $340,965.97 to Dean Rossi through the bank account of HB Holding.

In violation of Title 18, United States Code, Section 371.

## COUNT TWO

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

    1.    Paragraphs 1 through 4, 6 through 9, and overt acts 1 through 4 of Count One are realleged here.

    2.    On or about October 2007 to in or about January 2008, in the Eastern District of Pennsylvania, defendant

**FRANCIS P. DOWD, JR.,**

with others known to the United States Attorney, knowingly executed a scheme to defraud Leesport Bank and to obtain monies owned by and under the care, custody and control of that bank by means of false and fraudulent pretenses, representations and promises, by preparing a HUD-1 Settlement Sheet that falsely represented that all prior mortgages on the GA properties had been satisfied at closing, and that Leesport Bank's $1.2 million loan was secured by first-position mortgages on the GA properties, when, in fact, 12 of the existing mortgages intentionally were not satisfied, and the funds from Leesport Bank were used for the purposes stated below:

| Date | Amount | Use |
| --- | --- | --- |
| 1/22/08 | $55,817.71 | Check to Countrywide Financial to satisfy existing mortgage of property co-owned by Dowd. |
| 1/22/08 | $55,817.71 | Check to Countrywide Financial to satisfy existing mortgage of property co-owned by Dowd. |
| 1/22/08 | $51,122.88 | Check to Wells Fargo Home Mortgage to satisfy existing mortgage of property co-owned by Dowd. |
| 1/23/08 | $340,965.97 | Wire transfer to bank account of HB Holding/ Dean Rossi |

In violation of Title 18, United States Code, Sections 1344.

## NOTICE OF FORFEITURE

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

1. As a result of the violations of Title 18, United States Code, Section 1344, set forth in this information, defendant

**FRANCIS P. DOWD, JR.**

shall forfeit to the United States of America any property that constitutes, or is derived from, proceeds obtained directly or indirectly from the commission of such offenses, including the sum of up to approximately $774,000.

2. If any of the property subject to forfeiture, as a result of any act or omission of the defendants:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant(s) up to the value of the property subject to forfeiture.

-7-

All pursuant to Title 18, United States Code, Section 982(a)(2).

_____
ZANE DAVID MEMEGER
United States Attorney